CIKLIN, J.
 

 Amisaday Alvarez, the defendant below, appeals his conviction for grand theft and asserts that the trial court erred in admitting hearsay evidence of a baggage claim ticket introduced to lend proof that the victim’s mother entered into the United States with currency that was stolen by Alvarez. We agree that the trial court erred in admitting the evidence but find that the error was harmless.
 

 Alvarez and the victim, Luz Singh, became friends in April 2002 when she hired him to do construction work on her driveway. Later, in October of the same year, Singh’s family decided to purchase a new home which required a $67,000 deposit. Singh testified that to finance the deposit, she sold her apartment in Colombia. By agreement of the parties, a document written in Spanish was admitted showing the sale of the Colombian property dated October 16, 2002. The funds were initially supposed to be wired to Singh, but when it became impossible to make the wire transfer, Singh’s mother flew to the United States carrying $47,000 in cash in a paper bag. Singh and Alvarez picked up Singh’s mother at the airport. Over a hearsay objection by the defense, the state was allowed to admit into evidence a baggage claim ticket to corroborate Singh’s testimony that her mother had entered into the United States on October 31, 2002, the day before the theft.
 

 Although Singh received the $47,000 in cash, she was still short $20,000 for the deposit. She raised $8000 in cash from her relatives and Alvarez agreed to loan her the remaining $12,000. Because Singh was concerned that her mother had not declared the cash she brought in from Colombia, Alvarez offered to drive Singh to a bank to get a certified check for the full deposit amount. On the morning after Singh’s mother entered the country, Alvarez and another man he knew, Elio Lopez, picked up Singh at her home. Singh was carrying the $55,000 in cash in a bag. On the way to the bank to get the certified check, Alvarez stopped at a gas station. Singh got out of the car to use the bathroom and when she returned, Alvarez and Lopez had absconded with the money.
 

 A gas station attendant called police and when Officer Steven Randazzo arrived, he encountered Singh whom he described as being very excited. Singh reported that she had just been the victim of a theft and asked Officer Randazzo to pursue the car in which Alvarez and Lopez were riding. Officer Randazzo indicated that he could not do so because the two men had driven outside of Randazzo’s jurisdiction but he contacted the detective’s bureau which began an investigation.
 

 Detective Robert Bart interviewed the gas station attendant who made the telephone call for Singh. The detective compiled a photo lineup, including a photo of Singh. The attendant identified Singh as the person who came into the station on October 31, 2002, for whom he had called police.
 

 Detective Bart located Alvarez and took a statement from him. Initially Alvarez denied knowing Singh or anything about
 
 *222
 
 the money but subsequently admitted that he knew her and was aware of the planned bank transaction. He admitted he was with Singh on October 31st, along with another man he knew. Alvarez said that Singh had owed him $4000 for work he had performed on her driveway.
 

 Alvarez was ultimately convicted of grand theft and now on appeal argues, among other things, that the trial court erred in admitting the baggage claim ticket. He argues that the ticket was inadmissible hearsay because it was offered to prove the truth of the matter asserted, that is, that Singh’s mother traveled to the United States on October 30, 2002.
 

 We find that the lower court erred by admitting the baggage claim ticket but we also determine that the error was harmless under
 
 State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986). DiGuilio explains that the harmless error test places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict, or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction. It requires a close examination of the permissible evidence on which the jury could have legitimately relied, and an even closer examination of the impermissible evidence which might have influenced the jury. Numerous cases have discussed the meaning of “harmless.”
 

 An error is harmless if the reviewing court can say beyond a reasonable doubt that the error did not affect the verdict.
 
 Mansfield v. State,
 
 758 So.2d 636 (Fla.2000). The harmless error test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. The question is whether there is a reasonable possibility that the error affected the verdict.
 
 Cuervo v. State,
 
 967 So.2d 155 (Fla.2007).
 

 The evidence of the baggage claim ticket was cumulative to Singh’s own testimony and when combined with other competent, substantial evidence to support the conviction, its erroneous admission was harmless.
 
 See DiGuilio; Monlyn v. State, 705
 
 So.2d 1 (Fla.1997);
 
 Miles v. State,
 
 839 So.2d 814 (Fla. 4th DCA 2003).
 

 Alvarez raises two other arguments which' we have determined are without merit.
 

 Affirmed.
 

 GROSS, C.J., and WARNER, J., concur.